# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN R. DEMOS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEVADA et al., <br><br> Defendants. | 3:15-cv-00364-RCJ-VPC <br><br> **ORDER** |

This is a prisoner civil rights case pursuant to 42 U.S.C. § 1983. For the reasons given herein, the Court denies the Application to Proceed in Forma Pauperis (ECF No. 1) and dismisses the proposed complaint without leave to amend.

**I.   LEGAL STANDARDS**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a court dismisses a complaint

upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     DISCUSSION

Plaintiff alleges that officers of the State of Nevada arrested him (at the direction of officers of the State of Washington) on the California side of the Cal-Neva Lodge, which straddles the California–Nevada border. He has sued the States of Nevada, California, and Washington in this Court based on the incident. Although Plaintiff invokes the Court's admiralty jurisdiction under 28 U.S.C. § 1333, the allegations make clear there is no admiralty jurisdiction, as the incident is not alleged to have happened on navigable waters. This is a civil rights dispute under § 1983 based on an alleged unreasonable seizure under the Fourth Amendment.

The Court will not grant in forma pauperis status. Defendant has been a restricted filer under the three-strikes bar of 28 U.S.C. § 1915(g) since at least 2003. (*See* Order, ECF No. 3 in Case No. 3:03-cv-640 (noting that as of 2000, Plaintiff had filed 184 frivolous actions in Washington alone). The Court will not give Plaintiff an opportunity to pay the filing fee, because the proposed complaint fails on its face. The Defendants are sovereign states and

therefore are not "persons" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

**CONCLUSION**

IT IS HEREBY ORDERED that the Application to Proceed in Forma Pauperis (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that the case is DISMISSED, and the Clerk shall enter judgment and close the case. A certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated this 27th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge